# UNITED STATES v. KAUFFMANN.

## No. 6839.

Circuit Court of Appeals, Ninth Circuit.

Jan. 23, 1933.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Jesse H. Steinhart and John J. Goldberg, both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of California whereby the appellee recovered a refund of income tax amounting to $4,024.31, with interest.

The facts are not in dispute and most of them are incorporated in an agreed statement of facts. The Union Lithograph Company, hereinafter referred to as the "old company," in November, 1922, transferred all of its assets and liabilities to the Union Lithograph Company, Incorporated, a newly organized corporation, hereinafter referred to as the "new company." At the time of this transfer the old company had a capital of $100,000 and an earned surplus of $419,258.12. The new company, capitalized for $750,000, issued capital stock amounting to $400,000 to the stockholders of the old company in consideration of the transfer to it by the old company of all its assets, giving them 4 shares in the new company for one share in the old. The appellee thus became the owner of 1,962 shares in the new company. On its books the new company credited $400,000 to capital stock and $119,258.12 to "paid-in surplus."

A dividend of 10 per cent. was declared by the new company in 1924 which was paid out of its "paid-in surplus" derived from the earned surplus of the old company. This is the dividend upon which the tax was levied. At no time during the period involved did the new company have an earned surplus or any surplus profits arising from its business or other operations. The appellee on May 1, 1924, received a dividend of $19,620 on his 1,962 shares and included this amount in his income tax return for the year 1924 and paid a tax thereon amounting to $4,024.31, which he seeks to recover in this action. The trial court rendered judgment for the appellee (plaintiff below) on the theory that the $19,620 was a distribution of capital of the new company and not a dividend derived from earnings or profits.

The reorganization transaction was not taxable by reason of the provisions of section 202 (c) (2) of the Revenue Act of 1921, 42 Stat. 230, which treats the transaction as an exchange of property in which there is no gain or loss, "when in the reorganization of one or more corporations a person receives in place of any stock or securities owned by him, stock or securities in a corporation a party to or resulting from such reorganization." That the transaction of November, 1922, by which the new corporation succeeded to all the assets and liabilities of the old corporation, was a reorganization within the meaning of section 202 (c) (2), supra, is not questioned.

The question involved is whether the earnings of the old company lost their character as such, when transferred to the new company, and became capital of the new company, or retained their character as earnings so that a distribution thereof by the new company is taxable under section 201 of the Revenue Act of 1924 (26 USCA § 932 and note), which taxes a distribution of the earnings or profits of a corporation as a "dividend."

The contention of the appellee is that the new company is a legal entity separate and distinct from the old company; that the earned surplus of the old company, when transferred to the new company, became a part of the capital of the new company; that it was from the capital of the new company that the payment to the stockholders was made and nothing was distributed "out of its earnings or profits" because it had none during the period in question. The appellant, on the other hand, contends that for purposes of taxation the reorganization should be disregarded in so far as it changes the corporate identity and that the earnings of the old company should be treated as the earnings of the new company, even though the new company designated the assets transferred to it by the old company as "capital"; consequently, that the divi-

dend paid by the new company from its "paid-in surplus" was a distribution of profits and not of capital and therefore taxable as income.

The question involved in this case has been recently determined by the Circuit Court of Appeals of the Second Circuit in Commissioner of Internal Revenue v. Sansome, 60 F.(2d) 931, in which case a petition for a writ of certiorari was denied by the Supreme Court on December 19, 1932. In that case it was held that a reorganization of a corporation whereby the stockholders of an old company received stock of a new corporation in exchange therefor, wherein the stockholders were not taxable for a gain or loss under section 202 (c) (2), supra, was not such a change in corporate identity as prevented the new company from being considered as a continuing venture under section 201 of the Revenue Act of 1921 (42 Stat. 228) and that whatever were earnings of the original corporation continued to be such in the hands of the new corporation. Consequently it was held that when such earnings were distributed by the new corporation they were then taxable as "dividends" within the meaning of that term as used in section 201, supra.

It makes no difference in principle whether the distribution was as a regularly declared dividend or as a liquidating dividend, for in either event there is a distribution of earnings taxable as a dividend under section 201, supra.

We are in accord with the view expressed by the court in the Sansome Case, and it is unnecessary to discuss the other authorities cited by the parties.

Judgment reversed.