## MURCHISON'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7421.

Circuit Court of Appeals, Fifth Circuit.

March 29, 1935.

W. Leo Austin, of Tulsa, Okl., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Norman D. Keller, Sewall Key, and Edward H. Hammond, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The estate of Mrs. C. W. Murchison during the year 1927 owned one-half of the capital stock of a corporation, Murchison Oil Company, which during that year paid her $125,000 as a dividend on her stock, and the Commissioner and the Board of Tax Appeals have held it assessable as such for surtaxes. The petitioner says it was a return of capital. The facts are that on January 1, 1927, a joint-stock association called Murchison-Fain Oil Company had transferred all its assets, which included large profits earned since February 28, 1913, to this and another newly organized corporation in exchange for all their capital stocks, and the capital stocks were forthwith divided among the members of the joint-stock association in exchange for their interests in the latter. Murchison-Fain Oil Company had always been taxed as a corporation, and the transactions of January 1, 1927, were treated by all concerned as a reorganization under which no gain or loss was to be recognized. The proportion of accumulated profits thus passed to Murchison Oil Company exceeded $300,000. During 1927 that corporation made a net loss of $49,000 on its own operations, but that loss and the total dividends of $250,000 did not exhaust the transferred profits. In the bookkeeping of the new corporation these profits were not set up as a surplus but the value of all assets received was set up as capital. It does not appear what the par of its shares amounted to, nor whether a minimum capital was fixed by the charter.

The Board, following its decision in Crocker v. Commissioner, 29 B. T. A. 773, which rested on Commissioner v. Sansome (C. C. A.) 60 F.(2d) 931, and United States v. Kauffmann (C. C. A.) 62 F.(2d) 1045, held that since no such conversion of property or realization of profits occurred in the organization of the Murchison Oil Company as would be taxable, the profits remained profits for tax purposes in the hands of Murchison Oil Company. With this conclusion we agree. The Texas joint-stock association under Texas law has resemblances to a partnership but is a "corporation" as the term is defined and used in the federal revenue acts. Burk-Waggoner Oil Association v. Hopkins, Collector, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183. Under Revenue Acts of 1924 and 1926, § 203 (b) (3), 26 USCA § 934 (b) (3), the Murchison-Fain Oil Company did not realize its gains by exchanging its property for the stock of the new corporations, nor under section 203 (b) (2), 26 USCA § 934 (b) (2), did its members realize any gain in exchanging their old stock for the new. Unless the undistributed gains of the old business are taken over by the new as undivided profits distributable as dividends, they escape proper taxation. Generally speaking, the property received by a corporation at its organization in payment for its stock is its capital as petitioner asserts, and probably for tax purposes it might have been provided that a reorganization by such means should realize accrued profits in the property. But the opposite rule had been prescribed by Congress, and the benefit of it has been taken by these parties in escaping taxation of the profit at the reorganization. The new corporation declared dividends of $250,000 notwithstanding the capital stock entry on its books and the stockholders accepted them. There was no retirement of any shares of stock. The corporation and its stockholders thereby recognized an existing profit received from its predecessor, for it had earned nothing itself to be distributed as dividends. It is urged that Revenue Act 1926, § 201 (a), 26 USCA § 932 (a), declares: "The term 'dividend' when used in this title [chapter] * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, out of *its* earnings or profits accumulated after February 28, 1913," and that these profits were not earned by Murchison Oil Company. Too much meaning is sought to be attributed to the word "its." It is not repeated in the succeeding subsections in speaking of "earnings and profits." After all it is only a possessive pronoun and accurately means that the earnings and profits belong to the corporation. Unquestionably the profits here involved although earned by the predecessor belong to the new corporation and were in that sense "its earnings and profits" when distributed, and were affirmed to be such by the very act of declaring the dividend. The dividend was actually paid by a credit upon debts due to the corporation by the stockholders, but that was mere set-off, an equivalent for the stockholders paying their debts and then receiving the money back as dividends.

The petition for review is denied.