**CENTENNIAL OIL CO. v. THOMAS,**
Collector of Internal Revenue.
No. 9217.

Circuit Court of Appeals, Fifth Circuit.
January 19, 1940.

---

[1] In re Kehler, 2 Cir., 159 F. 55, 57. See, also, Hall v. Johnston, 9 Cir., 91 F.2d 363, 364.

360

HUTCHESON, Circuit Judge, dissenting.

———◆———

Harry C. Weeks and R. B. Cannon, both of Fort Worth, Tex., for appellant.

Lee A. Jackson and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and John A. Erhard, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Centennial Oil Company, after doing business for two and a half years, had accumulated profits of $42,525 but had declared no dividends. In April, 1937, it surrendered its charter and dissolved, delivering all its assets to Amtex Petroleum Corporation, the owner of all its stock. A surtax on the undivided profits was assessed under the Revenue Act of 1936, 49 Stat. 1648 et seq., and paid to the Collector. Refund not being granted, the officers of the dissolved Corporation in its name sued the Collector of Internal Revenue, asserting that the tax was unlawfully assessed and collected because the payment of the profits to its stockholder in liquidation is to be treated as a credit for dividends paid under Section 27 of the Revenue Act of 1936, 49 Stat. 1665. Judgment was given for the Collector and this appeal followed. The only question is whether the dividends paid credit ought to be allowed.

The appellant relies on these portions of Section 27: "(a) For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year." "(f) Distributions in Liquidation.—In the case of amounts distributed in liquidation the part of such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913, shall, for the purposes of computing the dividends paid credit under this section, be treated as a taxable dividend paid." The profits here involved were all accumulated after Feb. 28, 1913. If the quoted words were the whole applicable law appellant should have been allowed the credit. The philosophy of Sub-section (f) is that in ordinary liquidations where there are accumulated profits the profits could be first declared as a dividend and afterwards the remaining assets distributed in liquidation; and when both things are done in one transaction the same results shall be allowed to follow. The purpose of the undistributed profits surtax is to force distribution of profits to the stockholders so they may be taxed as dividends in the stockholders' hands. This a distribution in liquidation usually accomplishes.

But there are transfers and distributions of corporate assets to other corporations, which for tax purposes are considered mergers, reorganizations, or the like, and not to make any such real change in ownership as to generate taxes. Among them is the case mentioned in Section 112 (b) (6), 49 Stat. 1678. "No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation." It is considered that the assets concerned stand in the hands of the receiving corporation just as they did before transfer, and not until the receiving corporation makes a disposition of them do the tax consequences accrue. See especially Section 115 (a) and (h). Compare Murchison's Estate v. Commissioner, 5 Cir., 76 F.2d 641; Fain v. Commissioner, 5 Cir., 76 F.2d 1008; Baker v. Commissioner, 2 Cir., 80 F.2d 813. This is what happened between Centennial Oil Company and Amtex Petroleum Company. The latter, owning all the stock of the former, took over all its property and assumed its liabilities. There was really

an untaxed merger, and it was so treated in the tax returns of both parties. Amtex declared no dividends during the tax period, and its stockholders got none of the transferred assets. They stood for taxing purposes as if still in the hands of Centennial. Such a transaction does not accomplish the purposes of the undistributed profits tax, so Section 27(h) was enacted, covering all distributions to stockholders, whether in liquidation or not, in which the apparent dividend does not really become taxable. It declares: "If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part." Now the present distribution—all of it—went to one stockholder, Amtex, and Amtex was subject to income taxation under this title, and the distribution—all of it—was not a taxable dividend in the hands of Amtex or its stockholders for the period in which the distribution was made—the fiscal year of Centennial ending Sept. 30, 1937. The consequence is "no dividends paid credit shall be allowed with respect to such part" —here the whole. Subsection (h) modifies Subsection (f), as it does Subsections (a), (c), (d), and (e), by way of exception. Although as a general rule a distribution of profits accumulated since Feb. 28, 1913, made in liquidation, will be treated as though it were an ordinary taxable dividend, entitling to a dividends paid credit; this will not·be true if in whole or part it fails to be a taxable dividend in the hands of a stockholder who is subject to taxation. This interpretation accords with the statement in Regulation 94, Art. 27(h): "The effect of subsections (g) and (h) of Section 27 is that no dividends paid credit is allowed with respect to any distribution unless each * of the shareholders of that class, who are subject to taxation under Title I for the period in which distribution is made, receives a taxable dividend as a result of the distribution." The District Court correctly held that Centennial was not entitled to a credit by reason of this distribution.

Affirmed.

HUTCHESON, Circuit Judge (dissenting).

Appellant, taxpayer, is a Texas Corporation. Chartered October 6, 1934, it engaged in the production of oil and when it surrendered its charter and dissolved in April, 1937, it had accumulated earnings and profits of $42,325.51. To accomplish its liquidation, it distributed all its assets, including these accumulated earnings and profits, to Amtex Petroleum Corporation, the owner of all its stock. The distribution, under Section 112(b) (6) of the Revenue Act of 1936,[1] was not taxable in the hands of Amtex, the distributee. As to Amtex and its liability as a taxpayer however, the fact that this profit distribution was not by statute taxable in its hands, was in the year in question, of no substantial importance, for it had suffered heavy losses. It would have incurred no tax liability if the profits so distributed to it had been taxable in its hands. There is therefore, no question here of the use by the taxpayer of a liquidation distribution to escape tax liability for itself and its parent corporation in respect of these earnings and profits. For, it could have distributed them as ordinary dividends, and, without question or cavil, obtained credit for them as dividends paid, while its parent company, having heavy losses to offset against the receipt, would have incurred no tax liability on account of their payment. What is in question here then, is simply whether appellant was entitled to have this distribution in liquidation "treated as a taxable dividend paid," "for the purposes of computing the dividends paid credit," allowed under Section 27, Revenue Act of 1936, 49 Stat. 1665.

Pointing to the undisputed fact that the distribution was in liquidation, and to the mandate of Subd. (f) [2] of Section 27, that such a distribution "shall, for the purposes

---

* Subsection (g) demands equality without preference in a distribution to entitle to a dividends paid credit.

[1] "Property received by corporation on complete liquidation of another.—No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation."

[2] "Distributions in Liquidation.—In the case of amounts distributed in liquidation the part of such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913, shall, for the purposes of computing the dividends paid credit under this section, be treated as a taxable dividend paid."

of computing the dividends paid credit under this section, be treated as a taxable dividend paid," appellant insists that the judgment must be reversed. Appellee on his part, insists, and the majority opinion agrees, that Section 27 was enacted to and that it does, authorize the "dividends paid credit," only with respect to distributions, which are in fact taxable dividends in the hands of the distributee, in the tax year of the distribution, and that since, under Section 112(b) (6), the distribution in question was not taxable in the hands of Amtex, the distributee, it was not, within the meaning of the section, a dividend which appellant was entitled to have "treated as a taxable dividend" under Section F, "for the purposes of computing the dividends paid credit.",

The language of Subd. (f) of Section 27, is simple, plain and comprehensive. Dealing with distributions in liquidation, it declares without reservation, exception or qualification, that all such distributions of earnings or profits, accumulated after February 28, 1913, (and upon the undisputed facts, the distribution in question was of such earnings or profits,) "shall, for the purposes of computing the dividends paid credit under this section, be treated as a taxable dividend paid." Appellee's insistence that Subd. (f) provides for a "dividends paid credit" only as to distributions which are taxable in fact in the hands of the distributee, finds no warrant in the language of the Subdivision. If it is to be so limited in application, the limitation must be found elsewhere. Appellee and the majority say it is to be found in Subd. (h).[3] Their argument here is that, notwithstanding the mandate of (f), that amounts distributed in liquidation, shall be "treated as a taxable dividend paid," the taxpayer may not have a "dividends paid credit" on account of the liquidation distribution, because under Section 112 (b) (6), the distribution to Amtex, is not taxable and Subd. (h) provides that "no dividends paid credit" shall be allowed with respect to non-taxable distributions.

I cannot agree with this view. It is directly in the teeth of the mandate of (f), that "for the purposes of the Section, the distributions shall be treated as a taxable dividend paid." The fact that the distribution in liquidation in question was to a corporation stockholder, and that it is provided that under Section 112 (b) (6), of the Revenue Act of 1936, "no gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation," is I think, without significance here. For, if appellee and the majority are right in their contention that a "dividends paid credit," is allowed only in the case of a taxable dividend paid, the distribution in question is such a dividend, for by the mandate of Subd. (f) of the statute, it is to be "treated as a taxable dividend paid." A taxing statute like any other, must be construed as a whole and so as, if possible, to permit all its sections to stand and have effect. A construction which permits one of the subdivisions of a section of an act to nullify another, should, if possible, be avoided. The Majority's construction of the two subdivisions is I think, of this self-destructive kind. Instead of giving Subd. (f) effect, as plainly written, to "treat all distributions in liquidation as 'taxable dividends paid" and as entitling the taxpayer to a dividends paid credit," under the section, the construction, the majority gives the statute, would deprive the subdivision of the greater part of its force, by denying its application to a distribution in complete liquidation made to a corporate stockholder. The construction appellant contends for is, I think, not only the more reasonable, but the only tenable one. It gives full effect to Subd. (f), as concerned with and only with, distributions in liquidation, and, "for the purposes of dividends paid credits under the statute," it treats such distributions as the statute says they must be treated, as "taxable dividends paid."

It gives full effect too, to the provisions of Subd. (h), as concerned with distributions other than those in liquidation, and, as providing as to those, that to be effective as "dividends paid credit," they must in fact be, not merely, as provided in Subd. (f), treated as "taxable dividends" in the hands of the distributee. In short, the subdivisions are not in conflict. (f) Deals with distributions in liquidation, (h) with all others. As to the distributions dealt with in

[3] Subd. (h) of Section 27.—"Nontaxable Distributions.—If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part."

Subd. (f), the policy of the statutes is to make sure, to the extent of peremptorily declaring that they shall be "treated as," that is, shall in law be—"taxable dividends paid," that the taxpayer making such a distribution, shall have a "dividends paid credit" therefor. As to other distributions than those in liquidation, the policy of the statute as exhibited in Subd. (h) is not to allow them as dividends paid, unless they are in fact, taxable dividends in the hands of the distributee, for the period in which the distribution is made.

Whether, as appellant suggests, this distinction between liquidating and other distributions, was deliberately made for the purpose of encouraging the liquidation of certain classes of corporations, so as to bring about the simplification of corporate structures, without penalizing the process of doing so, or whether the distinction was made for some other purpose, we need not determine. For, where a statute is as clear and simple in its terms, and as free from ambiguity as this one is, there is neither occasion nor warrant for an inquiry into the Congressional purpose, except as it is exhibited in the operation and effect of the statute when construed in accordance with the plain meaning of its terms. It is sufficient I think, to say that the plain and simple language of Subd. (f) is not in conflict with the equally plain and simple language of Subd. (h), and that under the language of (f), appellant upon the undisputed facts of the case, was entitled to have the distribution in question treated as a "taxable dividend paid," and to receive a dividends paid credit thereon.

The majority treats the statute as though Subd. (h) was a part of Subd. (f), and provided an exception to its general language. The statute is not written that way, it may not be read that way. The whole Section 27 is made up of distinct lettered subdivisions, each dealing with a particular topic, and each complete in itself, in sentence structure and meaning. Subd. (a) dealing with "Dividends Paid Credit in General"—provides "for the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year; Subd. (b) deals with Dividends Carryover; Subd. (c) with Dividends in Kind; Subd. (d) with Dividends in Obligations of the Corporation; Subd. (e) with Taxable Stock Dividends; Subd. (f) with Distributions in Liquidation; Subd. (g) with Preferential Dividends; Subd. (h) with Nontaxable Distributions.

It is, I think, impossible to read Subd. (h) on Subd. (f) as a qualification of or exception to it, since Subd. (h) deals only with nontaxable distributions and Subd. (f) deals with distributions which by the language of the section "shall, for the purposes of computing the dividends paid credit under this section, be treated as a taxable dividend paid." The treasury, realizing that the statute as it reads, requires corporate distribution of the kind in question here, "to be treated as taxable dividends for the purpose of dividends paid credit," has in effect amended it by a regulation [4] providing that corporate distributions of the kind in question here, because not in fact taxable in the hands of the distributee, shall not be treated as taxable dividends paid, though Subd. (f) commands exactly the contrary. To partially satisfy that command, the Regulation provides that if the corporation to which the distribution is made in turn distributes it to its stockholders in the same year, a dividends paid credit shall be allowed on the first distribution. It is hornbook law that treasury regulations but execute the tax statutes. They may not by amending, take from nor add to them. I cannot see the regulation the majority relies on in any other light than as an effort at amendment. I agree with appellant that it adds nothing to appellee's case. As a result of appellant's reliance on the plain language of Subd. (f), that distributions in liquidation, shall for the purposes of computing the dividends paid credit "be treated as a taxable dividend paid," and of its distribution of its earnings and profits in liquidation, instead of in ordinary dividends, it finds itself deprived by the majority opinion of a dividends paid credit which the mandatory language of Subd. (f) gives it, and which it would have been beyond question entitled to, if it had first distributed the earnings and profits as dividends and then gone into liquidation.

I think the judgment below should have been for, not against, the taxpayer. From its affirmance, I respectfully dissent.

---

[4] Regulation 94, Article 27-H, from which the majority opinion quotes.