## REED DRUG CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9073.

Circuit Court of Appeals, Sixth Circuit.

Aug. 28, 1942.

L. F. Loux, of Cleveland, Ohio, for petitioner.

Earl C. Crouter, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is a proceeding to review a decision of the Board of Tax Appeals whose order sustained a deficiency in income taxes against the petitioner for the year 1937 in the sum of $4,831.92. Petitioner, the Reed Drug Company, was a Wisconsin corporation organized in 1931 and dissolved before the close of the tax year 1937. During its existence, it operated a chain of retail drug stores in the State of Wisconsin, with its principal office at Cleveland, Ohio. On August 7, 1937, the Reed Drug Company, a Delaware corporation, was organized for the purpose of acquiring all the assets of the petitioner and all the capital stock of several other corporations which were also engaged in the business of operating retail drug stores. In August, 1937, petitioner transferred all of its assets, subject to its liabilities, to the new Delaware corporation in exchange for 22,400 shares of its Class A stock and 73,600 shares of its common stock.

In November 1937, petitioner completely liquidated and distributed pro rata to its stockholders, all the shares of stock it had theretofore received from the Delaware corporation. The transaction between petitioner and the Delaware corporation was treated, both by petitioner and the Commissioner of Internal Revenue, as a non-taxable exchange under Section 112(b) (3) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 855.

Petitioner's adjusted net income for the purpose of computing its surtax for the year 1937 was $25,919.64. At the time of the petitioner's liquidation it had an earned undistributed surplus of $54,130.38 and in its income tax return for the calendar year 1937, claimed a "dividends paid credit" equal to its earned surplus. Revenue Act of 1936, ch. 690, 49 Stat. 1648, 26 U.S.C.A. Internal Revenue Acts, § 27(f) page 838.

The Commissioner, on audit and review of petitioner's income tax return for the calendar year 1937, disallowed in its entirety, petitioner's claimed dividends paid credit from which finding petitioner appealed to the Board of Tax Appeals, which sustained the Commissioner's determination.

The single question presented is whether a corporation which transfers all of its assets, including an earned surplus, to a newly organized corporation in a non-taxable transfer and distributes to its stockholders pro rata the stock received in exchange therefor, may, in computing its taxable net income, legally claim a dividends paid credit under Section 27(f) of the Revenue Act of 1936.

■ The primary purpose of the undistributed profits surtax provisions of the Revenue Act of 1936, was to stimulate the distribution of corporate dividends so that the tax could be collected from the individual shareholders. Black Motor Company v. Commissioner of Internal Revenue, ·6 Cir., 125 F.2d 977.

The general purpose of the statute, when considering the dividends paid credit, should be kept in mind. Interrelation is intended between the allowance of the distribution as a credit to the corporation and taxation of the sum to the receiving stockholders. If the hands of the statute do not gather taxes from the stockholders on the earnings of the corporation, the purpose of the statute is served by withholding from the corporation the dividends paid credit. In other words, the statute contains a

corollary, namely credit to the corporation, tax to the stockholders, no tax to the stockholders, no credit to the corporation.

■ Section 27(f) provides that for the purpose of computing the dividends paid credit in the case of amounts distributed in liquidation, the part of such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend paid. Petitioner relies exclusively on the language of this section to overthrow the decision of the Board, but, in our opinion, its contention must be denied. There is no presumption arising from the language of the statute or its legislative history that the Congress intended that subdivision (f) was to be paramount in determining the dividends paid credit in the case of corporate liquidation growing out of intercompany nontaxable transfers of assets. It is clear that the Congress intended that section 27(h) should take away the credit given under section 27(f) in the case of a nontaxable corporate reorganization. Section 27(h) provides that if any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part.

Section 112(b) (3), Revenue Act 1936, ch. 690, 49 Stat. 1648, 26 U.S.C.A. Internal Revenue Acts, page 855, provides that no gain or loss shall be recognized if stock or securities in a corporation are in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

Section 115(h) of the same statute, 26 U.S.C.A. Int.Rev.Acts, page 870, provides that a distribution of stock "or stock or securities in another corporation" shall not be considered as a distribution of earnings or profits of any corporation if no gain to such distributee from the receipt of such stock or securities was recognized by law.

■ In construing tax statutes, we should remember that each act carries its own definitions and that the intent of the Congress is the controlling factor. This intent is to be ascertained by considering the entire context of the act, its general purpose, the circumstances surrounding its enactment and other appropriate tests for ascertaining the will of the legislators. We

should not isolate a word or clause from its setting and consider it apart. Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 94, 55 S.Ct. 50, 79 L.Ed. 211. Applying this rule, it is clear that it was the purpose of Congress to withhold a dividends paid credit unless a taxable distribution was made to the stockholders of the corporation.

It is well settled that under the Revenue Statutes upon a nontaxable reorganization the accumulated profits or earned surplus of the liquidated corporation pass to the successor corporation with the same status and are available for the payment of dividends by the successor. Such corporate transactions limited to this extent do not break the continuity of the corporate life. Commissioner v. Sansome, 2 Cir., 60 F.2d 931; United States v. Kauffmann, 9 Cir., 62 F.2d 1045; Murchison's Estate v. Commissioner, 5 Cir., 76 F.2d 641.

Viewing the case at bar from the standpoint of statutory construction independently of decisions made in analogous, though not parallel, situations, in our opinion the petitioner was not entitled to the dividends paid credit which it claimed.

The order of the Board is affirmed.