ROBINETTE v. COMMISSIONER OF INTERNAL REVENUE.

No. 10908.

Circuit Court of Appeals, Ninth Circuit.

March 19, 1945.

514

Jesse H. Steinhart, John J. Goldberg, and Richard Jennings, all of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, Leonard Sarner, and Muriel S. Paul, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

BONE, Circuit Judge.

This case presents a question framed by the Commissioner of Internal Revenue as follows:

"A parent corporation, within the scope of Section 112(b) (6) of the Revenue Act of 1936 completely liquidated a wholly owned subsidiary having earnings or profits accumulated after February 28, 1913. In 1939 the parent made a distribution to its shareholders. Was the distribution made from the parent's earnings or profits under Section 115(a) and (h) of the Internal Revenue Code?"

The principal issue is whether the rule in Commissioner v. Sansome, 2 Cir., 60 F.2d 931, cert. denied 287 U.S. 667, 53 S.Ct. 291, 77 L.Ed. 575, applies here. In that case, on reorganization, the original corporation sold all its assets to another company which assumed all existing liabilities and issued its shares to the stockholders of the old corporation without change in the proportion of holdings. The original corporation carried on its books a large surplus and undivided profits which the new company carried over at the same figure. The new company, however, made no profits, and the taxpayer claimed the right to take liquidating dividends to amortize his cost, returning any overplus as profit for the year 1924 when last payment was made. The Circuit Court of Appeals disallowed taxpayer's claim and instead held that under the Revenue Act, §§ 201 and 202(c) (2), 42 Stat. 228, 230, where reorganization caused neither gain nor loss, the original corporation's profits distributed in 1923 on liquidation of successor were taxable as successor's earnings.

The case before us involves the income tax liability of taxpayer, Lenore S. Robinette for period February 1, 1939 to December 31, 1939. She seeks review of an adverse decision of the Tax Court. Metropolitan Properties Company owned all of the stock of Cole-French Company. Both were California corporations. Taxpayer was a stockholder in Metropolitan Properties Company and in the period mentioned, she received cash distributions from that concern but only returned as taxable income approximately one-fourth of the amount received. This was due to the fact that Metropolitan Properties Company advised her that the other three-fourths was a distribution from capital of the corporation and did not represent profits, earnings or surplus and therefore was not taxable. While so owned by Metropolitan Properties Company, and on December 24, 1936, the Cole-French Company turned all of its assets (subject to liabilities) over to Metropolitan Properties Company in exchange for all of its shares which were then cancelled. Cole-French Company was then dissolved and completely liquidated by Metropolitan Properties Company. Under Section 112(b) (6) Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, p. 856, no gain or loss to Metropolitan Properties Company was recognized.

Later, and in 1939 Metropolitan Properties Company made a distribution to its own stockholders and the Tax Court affirmed the determination of the Commissioner of Internal Revenue that upon the liquidation of Cole-French Company in 1936, the earnings or profits of Cole-French Company which passed to Metropolitan Properties Company should be included in determining whether these 1939 cash distributions of Metropolitan Properties Company were taxable in full, as dividends paid out of its earnings or profits accumulated after February 28, 1913, under the doctrine of Commissioner v. Sansome, supra.

The fair market value of the Cole-French Company's assets, less liabilities received

by Metropolitan Properties Company exceeded the adjusted basis of the stock of Cole-French Company, in the hands of Metropolitan Properties Company by not less than $200,000. There was a later decline in these values during 1939.

Immediately prior to December 31, 1928, Cole-French Company had issued and outstanding 2500 shares of its capital stock of the par value of $100 per share. These were issued pursuant to a subscription agreement under which the shareholders paid to the corporation $10 per share and agreed to pay the remaining $90 per share in such amounts and at such times as called for by resolution of the Board of Directors of Cole-French Company. On December 27, 1928, the company not having called on its shareholders to pay any of the balance due on such stock subscriptions, the Directors adopted a resolution directing the secretary of the company to make a journal entry as of December 31, 1928, debiting the profit and loss account with $225,000 and crediting the capital account with said sum of $225,000, so that the credit to the capital stock account would equal the par value of the 2500 shares issued. The secretary was also directed to certify on the face of all outstanding certificates of capital stock that the same "are now fully paid up". Company funds involved in this bookkeeping transaction are hereinafter referred to.

At the time of the adoption of this resolution none of the stockholders of Cole-French Company reported any taxable income by reason of its adoption, nor was any taxable income, by reason thereof, included in their income by the Commissioner. Cf. Michaels v. McLaughlin, D.C., 20 F.2d 959.

When dissolved, as indicated, the books of Cole-French Company recorded an item of capital stock liability in a sum exceeding one million dollars. This included $250,000 consisting of the $25,000 paid prior to December 31, 1928 by stockholders on account of the purchase price of the 2500 shares of the aggregate par value of $250,000, and also the $225,000 recorded as a debit to surplus and a credit to capital stock. After December 31, 1928 the said 2500 shares of stock were carried on the books as a capital stock liability in the sum of $250,000 and these shares were considered as fully paid shares. Such was the record before the Tax Court.

In arriving at the deficiency asserted against the taxpayer, the Commissioner de-termined that the Cole-French Company, as of December 24, 1936, had earnings, profits and surplus amounting to $244,968.69 which sum included the $225,000 which had been so transferred from surplus to capital on the company books in 1928, and further, that this latter amount constituted part of the earnings and profits of Metropolitan Properties Company which were sufficient to cover the entire amount of the cash distribution by Metropolitan Properties Company to its stockholders during the taxable period of 1939 here in question. The Commissioner insists that this cash distribution came from and out of earnings or profits accumulated by Cole-French Company, its wholly owned subsidiary, after February 28, 1913 and that the court must look to the source of these cash distributions in disposing of this case. His main contention is that Section 115(h) of the Internal Revenue Code 26 U.S.C.A. Int.Rev.Code § 115(h) specifically supplies the answer—in other words, that the law in effect in 1939 determines the applicable rule.

Taxpayer lays emphasis on the application of the Revenue Act of 1936, asserting it to be controlling. She further contends that the rule announced in the Sansome case, supra, is applicable only to exchanges in reorganization and that Congress in enacting Section 115(h) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts p. 870, did not enact a like rule with respect to complete and isolated liquidations of subsidiary corporations, hence the Tax Court erred in reading into Section 115(h) an intent derived from the policy disclosed by the 1938 amendment to this Section. She further contends that the doctrine of *inherited earnings* was not applicable to the complete liquidation in 1936 by Cole-French Company pursuant to Section 112(b) (6) of the Revenue Act of 1936.

 From the record, which includes an agreed statement of facts covering practically all of the material facts at issue, we conclude that Cole-French Company did have earnings or profits from which dividends could be paid. Immediately prior to its liquidation on December 24, 1936, it had accumulated undistributed earnings or profits in sufficient amounts to cover the entire distribution of Metropolitan Properties Company in 1939. These earnings or profits (inherited by Metropolitan) did not lose their character as such in the hands of Metropolitan Properties Company even

though no gain or loss was recognized on the liquidation transaction. United States v. Kauffman, 9 Cir., 62 F.2d 1045.

The earnings and profits of Cole-French Company, in existence when liquidation occurred, did not disappear. Either the subsidiary or the parent company had them. Assuming, arguendo, that the general principle of inherited earnings does not always apply whenever there is a non-taxable reorganization, it will be noted that here we find sole and complete ownership of one corporation by another together with continuity of the proprietary interest. The parent completely took over the subsidiary. There is complete identity of the corporations. The shareholders of the parent, who in effect owned the subsidiary, now own the parent embodied with the subsidiary. The bald fact remains that one corporation was liquidated and another took over all its assets, earnings and profits.

Distributions of stock (by Cole-French) did not have the effect of reducing earnings or profits available for the payment of dividends. Section 115(h) in the taxable year 1939, so provided in effect. The Cole-French Company book transfer of $225,000 from surplus to capital did not impair or diminish the earnings and profits. It was equivalent to a stock dividend and the stockholders of Cole-French Company realized no gain subject to tax. Michaels v. McLaughlin, supra; J. F. Carlston v. Commissioner of Internal Revenue, 22 B.T.A. 217. In any event, there was no taxable distribution of earnings or profits for the year 1928. A stock dividend which is not taxable does not operate to diminish corporate earnings for the purpose of determining the taxability of subsequent distributions. August Horrmann v. Commissioner of Internal Revenue, 34 B.T.A. 1178; John K. Beretta v. Commissioner of Internal Revenue, 1 T.C. 86, affirmed 5 Cir., 141 F.2d 452; section 115(h) Revenue Act of 1936. The amount of $225,000 remained a part of the earnings and profits of Cole-French Company to the time of liquidation. Upon liquidation, these earnings and profits became the earnings and profits of the parent (Metropolitan) corporation. United States v. Kauffmann, supra; Helen V. Crocker v. Commissioner of Internal Revenue, 29 B.T.A. 773; Murchison's Estate v. Commissioner, 5 Cir., 76 F.2d 641; Reed Drug Co. v. Commissioner, 6 Cir., 130 F.2d 288; Harter v. Helvering, 2 Cir., 79 F.2d 12. Cf. Estate of McClintic, 47 B.T.A. 188. As indicated no gain or loss was recognized in the transfer to Metropolitan Properties Company in the complete liquidation of the Cole-French Company by reason of the provisions of section 112(b) (6) of the Revenue Act of 1936. The earnings and profits of Cole-French Company therefore remained the earnings and profits of Metropolitan Properties Company, adequate in 1939 to cover the distributions here in question.

Whatever the reason for the amendment of section 115(h) in 1938, which added the words "or of property or money", the simple words of the statute show that from the taxable year 1938 on, any distribution by a parent corporation out of earnings or profits of its subsidiary liquidated prior to 1938 under section 112(b) (6) is a taxable dividend within the meaning of the Federal statute.

The controlling law is that contained in the Internal Revenue Code, and the applicable section which specifically governs the problem is 115(h) as amended by the 1938 Act. The provisions of this section seem to clearly indicate that after a tax-free liquidation under section 112(b) (6) the earnings or profits of the subsidiary retain their character in the hands of the parent and are available for the distribution of taxable dividends. Since the distribution took place in 1939 it was covered by the then effective and existing provisions of the Internal Revenue Code. Revenue Acts are not unconstitutional merely because they are retroactive in applying a tax. Welch v. Henry, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87, 118 A.L.R. 1142; Wheeler v. Commissioner, 9 Cir., 143 F.2d 162.

This court has upheld the Congressional power to define current taxable income by changing the basis of property already in the hands of the taxpayer. Osburn California Corp. v. Welch, 9 Cir., 39 F.2d 41, cert. denied, 282 U.S. 850, 51 S.Ct. 28, 75 L.Ed. 753. See also Newman, Saunders & Co. v. United States, 36 F.2d 1009, 68 Ct.Cl. 641, certiorari denied, 281 U.S. 760, 50 S.Ct. 460, 74 L.Ed. 1169; Lawler v. Commissioner, 9 Cir., 78 F.2d 567; Martz v. Commissioner, 82 F.2d 110.

The decision of the Tax Court is correct and is affirmed.