ROBERT E. WHITING AND VERNALLE WHITING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; RICHARD L. WHITING AND MARY ANN WHITING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whiting v. Commissioner
Docket Nos. 902-81, 904-81.
United States Tax Court
T.C. Memo 1984-142; 1984 Tax Ct. Memo LEXIS 531; 47 T.C.M. (CCH) 1334; T.C.M. (RIA) 84142; March 22, 1984. Ernest Getz, for the petitioners. Chauncey W. Tuttle, Jr., for the respondent. *532 CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in the 1976 income tax of Robert and Vernealle Whiting of $71,275.93 and a deficiency in the 1976 income tax of Richard and Mary Ann Whiting of $73,257.23. Because of concessions by petitioners, the only substantive issue in each case is whether Robert Whiting and Richard Whiting realized income when Fayette Tubular Products, Inc., discharged a portion of their debts on stock subscriptions. We must also determine whether the notice of deficiency issued to Richard and Mary Ann Whiting is valid. These cases were submitted fully stipulated under Tax Court Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. All petitioners resided in Florida when they filed their petitions. We address the validity of the notice of deficiency first. Richard and Mary Ann Whiting timely filed their income tax return for 1976. On August 30, 1978, they executed a Power of Attorney, Form 2848, authorizing Ernest Getz, an attorney, to represent them before the Internal Revenue Service with regard to their 1976 income tax. On that form they requested that *533 respondent "[s]end copies of notices and other written communications addressed to [them] in proceedings involving" their 1976 income tax to Mr. Getz. On March 28, 1980, Mr. Getz informed respondent that Richard and Mary Ann Whiting's address had changed to 2798 Pine Valley Road, Port St. Lucie, Florida. On March 31, 1980, the period for assessing the Whiting's 1976 income tax was extended to December 31, 1980. On October 17, 1980, respondent mailed a notice of deficiency for 1976 to Richard and Mary Ann Whiting. The notice was addressed to them at 3157 Morningside, Port St. Lucie, Florida, and was returned undelivered. Respondent sent a copy of the notice to Mr. Getz. He received the copy in October 1980 and informed Michael Whiting, a nephew of Richard Whiting, that he had received the copy. On or before December 31, 1980, Michael Whiting informed Richard and Mary Ann Whiting that Mr. Getz had received the copy of the notice. Richard and Mary Ann Whiting's petition was mailed to the Court on January 13, 1981, and was timely filed on January 16, 1981. The petition was signed by Mr. Getz. Richard and Mary Ann Whiting contend that the notice of deficiency issued to *534 them is invalid because it was not mailed to their last known address. See section 6212(b)(1). [1] If the notice is invalid this Court does not have jurisdiction and the statute of limitations under section 6501(a) was not tolled. However, "[i]t has been held repeatedly that an error in the address to which the notice of deficiency is mailed does not render the notice invalid so as to defeat Tax Court jurisdiction when the petition is timely filed." Mulvania v. Commissioner,81 T.C. 65, 68 (1983), on appeal (9th Cir., Oct. 21, 1983); see Frieling v. Commissioner,81 T.C. 42, 53 (1983). Because a copy of the notice was sent to Mr. Getz, Mary Ann and Richard Whiting became aware that the notice had been issued and timely filed a petition. Accordingly, the notice mailed on October 17, 1980, is valid. We turn now to the substantive issue. Robert Whiting and Richard Whiting incorporated Fayette Tubular Products (Fayette) under *535 the laws of Michigan on or about July 19, 1972. In Fayette's articles of incorporation they both subscribed for one thousand shares of stock with a par value of one dollar per share. They did not pay these subscriptions. Shortly after its incorporation, Fayette borrowed $3,200,000 from the Toledo Trust Company and a participating lender. As a condition of the loan, it was required that Fayette's capital be increased to $250,000. Robert and Richard therefore increased their subscriptions to $125,000, 125,000 shares each at the par value of one dollar per share, on or about November 30, 1972. They did not pay these increased subscriptions. While the November 1972 subscriptions were outstanding, Fayette's financial statements reported stock subscribed of $250,000 and stock subscriptions receivable of $250,000. On June 30, 1976, Fayette borrowed money from the Michigan National Bank which it used to pay off its prior loan. The Michigan National Bank did not require Fayette's capital to be maintained at $250,000. On the next day, Fayette reduced the par value of its stock from one dollar per share to one cent per share. Also, Robert and Richard amended their subscriptions, *536 reducing the amount they each agreed to pay for 125,000 shares from $125,000 to $1,250. They then paid $1,250 each for 125,000 shares of stock with a par value of one cent per share and Fayette issued the stock to them. Thereafter, Fayette's financial statements reported capital stock issued and paid of $2,500 and did not report any subscriptions receivable. At all pertinent times, Robert and Richrd were the only shareholders of Fayette. Respondent contends that Robert and Richard each realized $123,750 in discharge of indebtedness income when Fayette regarded the stock issued to them as fully paid. Petitioners do not dispute that the transactions outlined occurred in 1976. Nevertheless, they contend that the reductions in amounts due on their stock subscriptions are not taxable. We agree with petitioners. These cases are quite similar to Carlston v. Commissioner,22 B.T.A. 217 (1931). Carlston involved a shareholder of a corporation which had ten thousand shares outstanding. All shares had been subscribed for $100 per share, their par value, but several years after the corporation had begun business only $60 per share had been paid. In each of *537 two years, the corporation charged $10 per share to its surplus account and credited that amount to its capital stock account. The corporation each time called in the outstanding stock certificates and issued new ones showing that an additional $10 per share of the subscriptions had been paid. Concluding that the transactions were equivalent to non-taxable stock dividends, we held the reduction in the unpaid portion of the shareholder's subscription was not income to him. Carlston,supra at 223. Similarly, the reductions in the amounts due on the subscriptions for Fayette stock are not income to Robert and Richard. The transactions in these cases (reduction of par value accompanied by reductions in amounts due on subscriptions) do not differ in substance from the transactions in Carlston (transfers from surplus to capital stock accompanied by reductions in amounts due on subscriptions). Accordingly, we conclude the reductions in the amounts due in these cases are equivalent to non-taxable stock dividends too. [2]
Respondent's *538 reliance on Shephard v. Commissioner,340 F.2d 27 (6th Cir. 1965), affg. a Memorandum Opinion of this Court, is misplaced. That case involved money loaned by a corporation to a shareholder. The corporation's discharge of the shareholder's indebtedness was tantamount to a distribution of money by the corporation to the shareholder taxable under section 301(a). Shephard,supra at 30. The transactions in these cases are tantamount to non-taxable distributions of stock under section 305(a). [3]
Decisions will be entered under Rule 155.
Footnotes
1. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.↩
2. Accord Robinette v. Commissioner,148 F.2d 513, 516↩ (9th Cir. 1945), affg. a Memorandum Opinion of this Court.
3. Respondent also relies on United States v. Kirby Lumber Co.,284 U.S. 1 (1931). Like Shephard,Kirby did not involve the debt of a shareholder to a corporation with regard to stock in the corporation. Therefore Kirby↩'s holding also is inapplicable to the facts of these cases.